798 F.2d 1416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harold STILLER, Plaintiff-Appellee,
v.
CITY OF DETROIT, WATER AND SEWAGE DEPARTMENT, Defendant-Appellee.
 No. 85-1170.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1986.
 
 Before LIVELY, Chief Judge, and WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this action under Title VII of the Civil Rights Act of 1964 the plaintiff, a white male, charged race discrimination in the defendant's denial to the plaintiff of a promotion. Though the plaintiff is an experienced mechanical engineer whose technical training and experience fully met the written standards of the position for which he applied, the defendant denied the promotion and awarded it to a black applicant who had been a registered professional engineer for only four months and could not qualify immediately for the position because he was still on probation as an associate mechanical engineer. When this applicant's probation period expired the defendant promoted him to the position. The record disclosed that the only basis for choosing between the plaintiff and the person ultimately promoted was an oral interview by a board consisting of one civil engineer and two representatives of the defendant's personnel department. The record further disclosed that no technical questions were asked during the interview related to qualifications of either applicant as a mechanical engineer. The district court found that no consideration was given to the plaintiff's "considerable experience" in preparation of mechanical engineering designs and plans for large municipal projects or to the minimum entrance qualifications posted by the defendant's personnel department.
 
 
 2
 The record disclosed that at about the same time one of the members of the evaluation board gave the plaintiff a lower grade on the interview than he awarded to the successful applicant, this member of the board recommended the plaintiff for a position one step above the one he was seeking and stated that the plaintiff was clearly entitled to that promotion. On the entire record the district court found that the qualifications of the plaintiff for the position sought greatly exceeded any qualifications of the person appointed and that the defendant had failed totally to show that there was a legitimate non-discriminatory reason for the employment decision. The district court characterized the entire process of selection as "highly pretextual." The judgment directed the defendant to promote the plaintiff immediately to the position for which he had applied and awarded back pay. Finally, the judgment enjoined the defendant from discriminating against the plaintiff in the future as the result of his filing this action.
 
 
 3
 On appeal the defendant argues that the plaintiff failed to establish a prima facie case of racial discrimination and, accordingly, judgment should have been entered for the defendant. Since the plaintiff is not a member of a minority race, the defendant argues that the plaintiff was not entitled to a presumption of racial discrimination under the four part test set forth in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). The defendant asserts that a white plaintiff in an employment discrimination case must go further and make a showing that "background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority." (Quoting Jasany v. United States Postal Service, 755 F.2d 1244, 1252 (6th Cir.1985) ). See also Murray v. Thistle Down Racing Club, Inc., 770 F.2d 63, 67 (6th Cir.1985). The plaintiff responds that he established a prima facie case of racial discrimination based on direct and circumstantial evidence presented at trial and that he did not rely on a presumption. We agree.
 
 
 4
 We do not interpret Jasany or Murray to mean that a white plaintiff may never establish racial discrimination unless he establishes some pattern of disparate treatment beyond his own case related to the general employment policies of his employer. We agree that a white plaintiff who is unable to produce evidence from which the trier of fact can find racial discrimination is not entitled to a presumption of such discrimination in the absence of showing "background circumstances." However, a case can be proved without reliance on a presumption and the trier of fact may still conclude on the basis of all of the evidence that a white plaintiff has in fact proven that he was denied an employment benefit because of his race. Our review of the entire record in this case r leads the court to the conclusion that the plaintiff Stiller made such a case and that the district court did not err in entering the judgment appealed from.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.